Argued and submitted May 14, reversed and remanded for reconsideration
September 12, 1990

# FRED MEYER, INC.,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION and
Donna·F. Goodlow,
*Respondents.*

(89-AB-726; CA A61304)

797 P2d 1066

Barrie J. Herbold, Portland, argued the cause for petitioner. With her on the brief were Christine T. Herrick and Markowitz, Herbold, Stafford & Glade, P.C., Portland.

Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Donna F. Goodlow.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Employer seeks review of an order of the Employment Appeals Board affirming the referee's decision that claimant was not disqualified from receiving unemployment benefits. We reverse and remand for reconsideration.

EAB found these facts:

"(1) The claimant worked for the above employer from October 6, 1980, to March 3, 1989, initially as a cashier, and last doing price changes and cashier work as needed. (2) The claimant suffers from diabetes for which she takes medication and which results in her lips being very dry. The claimant usually carries a tube of Vaseline to keep her lips moistened. (3) On March 2, 1989, the claimant realized that she did not have a tube of Vaseline with her. The claimant removed a tube of Vaseline from the employer's display and applied the Vaseline to her lips. The Vaseline was valued at $2.37. (4) The claimant then placed the tube of Vaseline on her work area baskart, intending to pay for the tube when she finished her shift. The tube of Vaseline remained on claimant's work area baskart. (5) Claimant did not attempt to hide her use of the tube and was aware that there were security guards watching the area in which she was working because of shoplifting. (6) When the claimant was preparing to go home at the end of her shift, she realized that she did not have any money to pay for the tube of Vaseline as she had given her daughter all of her money earlier in the day. (7) Rather than advising the employer of what had happened, the claimant, without thinking about it, placed the tube of Vaseline back on the shelf, although not in the area of the Vaseline display. (8) The claimant was observed using the Vaseline and returning that Vaseline to the shelf. (9) The employer has a policy which prohibits the unauthorized conversion of company merchandise to personal use. (10) The claimant was aware that, under the employer's policy, she should have paid for the Vaseline before using it. (11) When the claimant was confronted by the security guards before she left work, she admitted to using the Vaseline and not paying for it. (Exhibit 9). (12) The claimant had not previously received any warning for the unauthorized conversion of the employer's property. (13) The claimant applied for unemployment compensation. (14) A Notice of Claim Filed (Form 220) was mailed to the employer on March 15, 1989. The employer's response to the Form 220 was received March 20, 1989, and stated that the claimant was discharged for unauthorized conversion of company property."

EAB concluded both that claimant was not discharged for misconduct connected with work under ORS 675.176(2)(a)[1] and that her benefits should not be canceled under ORS 657.176(3).[2] It stated that claimant intended to pay for the Vaseline when she took it; but discovered that she did not have any money with her. It concluded that, when she took and used the Vaseline, she wilfully violated the standards of behavior that employer had the right to expect, but that her actions were, nonetheless, an isolated instance of poor judgment, OAR 471-30-038(3),[3] because she had intended to pay for the item, returned it to the shelf without thinking about it and had not engaged in such conduct before. It also stated that cancellation of claimant's wage credits under ORS 657.176(3) was "not appropriate."

---

[1] ORS 657.176 provides, in part:

"(2) An individual shall be disqualified from the receipt of benefits until the individual has performed service in employment subject to this chapter, or for an employing unit in this or any other state or Canada or as an employee of the Federal Government, for which remuneration is received which equals or exceeds four times the individual's weekly benefit amount subsequent to the week in which the act causing the disqualification occurred, if the authorized representative designated by the assistant director finds that the individual:

"(a) Has been discharged for misconduct connected with work * * *."

[2] ORS 657.176(3) provides:

"If the authorized representative designated by the assistant director finds an individual was discharged for misconduct because of the individual's commission of a felony or theft in connection with the individual's work, all benefit rights based on wages earned prior to the date of the discharge shall be canceled if the individual's employer notifies the assistant director of the discharge within 10 days following the notice provided for in ORS 657.265(1) or within 20 days following the notice provided for in ORS 657.265(2), and:

"(a) The individual has admitted commission of the felony or theft to an authorized representative of the assistant director, or

"(b) The individual has signed a written admission of such act and such written admission has been presented to an authorized representative of the assistant director, or

"(c) Such act has resulted in a conviction by a court of competent jurisdiction."

[3] OAR 471-30-038(3) provides:

"Under the provisions of ORS 657.176(2)(a) and (b), misconduct is a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for purposes of denying benefits under ORS 657.176."

■ ■     Employer assigns error to EAB's conclusion that claimant was not discharged for misconduct because of theft in connection with her work. ORS 657.176(3). The threshold requirement for cancellation of benefits under that section is a finding to that effect by an authorized representative of the assistant director. The authorized representative found that claimant was discharged for misconduct because of theft in connection with her work. EAB, however, stated that that requirement had not been met, presumably because the referee had set the initial finding aside, and EAB did not review the merits of the referee's decision. It should have.

■     Furthermore, EAB may not conclude that claimant's conduct is not "misconduct" under ORS 657.176(3) but merely an isolated instance of poor judgment under OAR 471-30-038(3) if it is "misconduct because of [her] commission of a felony or theft in connection with [her] work." OAR 471-30-038(3) does not apply to cancellation of benefits under ORS 657.176(3). That subsection contains its own definition of misconduct: a felony or theft committed in connection with the individual's work. On remand, EAB should review the merits of employer's assignment of error and consider whether claimant was discharged for misconduct because of commission of theft in connection with her work under ORS 657.176(3).

        In two other assignments of error, employer asserts that EAB erred when it concluded that claimant was not discharged for misconduct pursuant to ORS 657.176(2)(a), but for an isolated instance of poor judgment under OAR 471-30-038(3). Employer contends that EAB's findings do not support its conclusion and that claimant's conduct was misconduct under ORS 657.176(2)(a) as a matter of law. On remand, if EAB concludes that claimant *was* discharged for misconduct under ORS 657.176(3), the assignments are moot.

■     If EAB concludes on remand that claimant was *not* discharged for misconduct under ORS 657.176(3), the assignments are not moot.[4] EAB's conclusion, however, that claimant was not discharged for misconduct pursuant to ORS

_____

[4] In *Corvallis Tool Co. v. Employment Div.,* 102 Or App 463, 795 P2d 576 (1990), we considered an aspect of the interrelationship of ORS 657.176(2)(a) and ORS 657.176(3). We did not consider the issue of mootness discussed here.

657.176(2)(a), but for an isolated instance of poor judgment under OAR 471-30-038(3), rationally follows from its findings that she had intended to pay for the Vaseline, had returned it "without thinking about it" and had not engaged in such conduct before.[5] Moreover, EAB's reasoning is not inconsistent. It could conclude that claimant's taking and using the Vaseline was wilful, even though it found that her return of the item was done "without thinking about it." Also, EAB was not required to rule as a matter of law that claimant was discharged for misconduct in connection with her work under ORS 657.176(2)(a). Although a claimant may willfully violate the standards of behavior an employer has a right to expect, her conduct is not misconduct under ORS 657.176(2)(a) if it is an isolated instance of poor judgment. OAR 471-30-038(3); *see Bunnell v. Employment Division,* 304 Or 11, 741 P2d 887 (1987).

Reversed and remanded for reconsideration.

---

[5] Employer does not assert that substantial evidence does not support EAB's findings of fact.