Richard White BLAIR, III, Plaintiff–Appellant,

v.

Kay TORAN, individually and as Director of the State Office for Services to Children & Families; Susan Dey, individually and as Manager of the Lane Branch of the State Office for Services to Children & Families; Mary Jo Driscoll, individually and as caseworker for the Lane Branch of the State Office for Services to Children & Families; Gladys Hayes, individually and as Human Services Assistant for the Lane Branch of the State Office for Services to Children & Families; Patricia Loewinger, individually and as caseworker for the Lane Branch of the State Office for Services to Children & Families; Breeze Chanti, individually and as caseworker for the Lane Branch of the State Office for Services to Children & Families; Margaret Kelleher, individually and as agent of the State Office for Services to Children & Families; Steven Jensen, individually and as agent of the State Office for Services to Children & Families; Leron Howland, individually and as Superintendent of the Oregon State Police; William Paden, individually and as Commander of the Springfield Station of the Oregon State Police; Dan Wolverton, individually and as State Trooper for the Springfield Station of the Oregon State Police; Jan Green; Heather Westing; and Does, 1–10 & 11–20, inclusive, Defendants–Appellees.

No. 00–35035.

D.C. CV–99–00956–JMS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2001.

Decided June 25, 2001.

Before GOODWIN, GREENBERG and RAWLINSON,* Circuit Judges.

MEMORANDUM **

The facts and procedural history require no recitation, being familiar to the parties. The question is whether the juvenile court decision and its affirmation by the Oregon Court of Appeals issue-preclude plaintiff Blair from relitigating whether he sexually molested his son for if they do, this action is barred in its entirety. They do, unless they denied Blair a full and fair opportuni-ty to litigate the issue in violation of due process. *See* 28 U.S.C. § 1738 (2000); *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 466, 480–82, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Allen v. McCurry,* 449 U.S. 90, 100–01, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Nelson v. Emerald People's Util. Dist.,* 318 Or. 99, 862 P.2d 1293, 1296–97 (1993).

Blair claims that he did not have a full and fair opportunity to litigate the issue of whether he molested his son because the suppression of material evidence by the defendants in the juvenile court, which he could not reasonably have found prior to the hearing, had a significant effect on the outcome of the litigation. Furthermore, he contends that the refusal of the juvenile court to consider certain critical evidence he proffered and the affirmance of this refusal without opinion by the Oregon Court of Appeals, denied him the proce-dural due process to which he was entitled. Finally, he contends that the evidence on which the juvenile court based its decision, namely, his son's out-of court statements, was unreliable, and cannot support the deprivation of his liberty interest in custo-dy of his son.

Inasmuch as the district court granted summary judgment we are exercising de novo review on this appeal. *See Jesinger v. Nevada Fed. Credit Union,* 24 F.3d 1127, 1130 (9th Cir.1994). After a careful review of this matter we have concluded that Blair has not advanced any reason for this court not to affirm the order of the district court, as the Oregon decisions were entitled to preclusive effect. In reaching our result we observe, although our result is not dependent on the point, that we believe that Blair could have

* The Honorable Morton I. Greenberg, Senior Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publi-cation and may not be cited to or by the courts of this circuit except as may be provid-ed by 9th Cir. R. 36–3.

sought to reopen the proceedings in the state courts on the basis of his newly discovered evidence but apparently made no effort to do so. *See* Or. R. Civ. P. 71B.

AFFIRMED.