NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 31 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KY KARNECKI,

Plaintiff-Appellant,

v.

CITY OF SISTERS, Oregon; et al.,

Defendants-Appellees.

No.    18-35079

D.C. No. 6:13-cv-02150-TC

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted May 15, 2019
Portland, Oregon

Before:  N.R. SMITH, WATFORD, and R. NELSON, Circuit Judges.

On summary judgment, the district court dismissed Ky Karnecki's

(Karnecki) 42 U.S.C. §§ 1983 and 1985 claims, finding them barred by the

doctrines of issue preclusion, *Rooker-Feldman* abstention, and *Younger* abstention.

Because we agree that the doctrine of issue preclusion bars this suit, we do not

reach the district court's alternative holdings.  We affirm.

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Karnecki's complaint alleges that city officials violated his equal protection rights as guaranteed by the Fourteenth Amendment by treating his business differently than other similarly situated businesses, as well as a conspiracy to do the same.[1]  We review grants of summary judgment de novo.  *See Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011).

A.    Karnecki does not assert that he belonged to a protected class; instead he asserts a "class of one" equal protection claim.  *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011) (to prove a class of one equal protection claim, a plaintiff must show that the defendants "(1) intentionally (2) treated [the plaintiff] differently than other similarly situated [business owners], (3) without a rational basis." (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Karnecki's equal protection claims hinge on the question of whether his business was similarly situated to another business operating in the City of Sisters—a farmstand called Richard's Produce.[2]  However, Karnecki raised the

---

[1]  Karnecki's complaint also includes several state law claims.  Karnecki has not appealed the district court's grant of summary judgment on those claims and has therefore waived any challenge to their dismissal.

[2]  Karnecki also alleges that his business was similarly situated to another business in the City of Sisters called the Belfry.  However, Karnecki's opening brief does not raise any arguments concerning the Belfry, and thus he has waived any argument that his business and the Belfry were similarly situated.  *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1213 (9th Cir. 2017) (arguments not specifically and distinctly raised and argued in an opening brief are waived).

2

question of whether his business and Richard's Produce were similarly situated as a defense in a state court action. In that action, Karnecki challenged the citation issued when he refused to remove his stand after his temporary use permit expired. Karnecki did not dispute the validity of the citation, but instead argued that it should be set aside because it was the product of selective enforcement; Karnecki argued the City had failed to enforce similar temporary use permit violations committed by Richard's Produce. Following a trial, the state court found that the two business were not similarly situated, because they were at all times relevant to the citation operating pursuant to entirely different licensing schemes; Richard's Produce was at all times relevant to the citation operating pursuant to a permanent site plan, not a temporary use permit. As those businesses were not similarly situated, the state court enforced the citation, because it found that Karnecki's business had not been singled out or otherwise subjected to discriminatory treatment when the citation was issued. Importantly, Karnecki could have appealed this finding, but he did not.

We must "give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Dodd v. Hood River Cty.*, 59 F.3d 852, 861 (9th Cir. 1995) (citation omitted). Under Oregon Law, issue preclusion applies and bars parties from re-litigating issues when: (1) the issue in the two proceedings is identical; (2) the

3

issue was actually litigated and was essential to a final decision on the merits in the prior proceeding; (3) the party sought to be precluded has had a full and fair opportunity to be heard on that issue; (4) the party sought to be precluded was a party or was in privity with a party to the prior proceeding; and (5) the prior proceeding was the type of proceeding to which this court will give preclusive effect. *See Nelson v. Emerald People's Util. Dist.*, 862 P.2d 1293, 1297 (Or. 1993).

Each of these elements is present here regarding the question of whether Karnecki's business and Richard's Produce were similarly situated. As for (1), though the issues raised in the state court proceeding and this federal civil rights lawsuit would ordinarily not be identical, Karnecki injected the treatment-of-similarly-situated-businesses issue into the enforcement proceeding—which is identical to the second essential element of the "class of one" disparate treatment claim he has pleaded in this lawsuit. *See Gerhart*, 637 F.3d at 1022. As for (2), the issue was actually and fully litigated by the same parties during the trial held concerning Karnecki's challenge to the citation issued by the City of Sisters and was essential to the final decision. Elements (3) and (4) of issue preclusion under Oregon law are present as well. As for (5), though Karnecki may have had a colorable argument regarding this element by virtue of Oregon Revised Statute § 153.108(2), Karnecki has forfeited such an argument by failing to cite, discuss or

in any way raise an argument concerning that statutory provision in his opening

(and only) brief. *Hayes*, 849 F.3d at 1213.

As the question (of whether Karnecki's business and Richard's Produce are

similarly situated) was addressed and answered in the negative by the state court,

Karnecki's federal claims are barred by the doctrine of issue preclusion.[3]

B.      Plaintiff also alleges that the defendants conspired to violate his federal civil

rights.  However, his opening brief raises no arguments concerning the dismissal of

this count, so we find that he has waived any objection to dismissal of this claim as

well. *See id*.

Moreover, even if the argument is not waived, "[c]onspiracy is not itself a

constitutional tort under § 1983" and the "'[m]ere proof of a conspiracy is

insufficient to establish a section 1983 claim.'" *Lacey v. Maricopa Cty.*, 693 F.3d

896, 935 (9th Cir. 2012) (en banc) (quoting *Landrigan v. City of Warwick*, 628

F.2d 736, 742 (1st Cir. 1980)).  Instead, "there must always be an underlying

constitutional violation." *Id*.  Because there is none here Plaintiff's claims of

"class of one" disparate treatment were properly dismissed for the reasons

---

[3]  We note that the district court also found that dismissal of Karnecki's claims was proper under the so called *Rooker-Feldman* and *Younger* abstention doctrines.  We express no view regarding the applicability of either doctrine here.

5

discussed previously.[4]

**AFFIRMED.**

---

[4] We acknowledge that various City officials appear to have believed that Karnecki's business and Richard's Produce were both operating under temporary use permits, and thus may also have had reason to believe that they were similarly situated when they—according to Karnecki—decided to single out Karnecki's business. However, whether this confusion and the surrounding circumstances would be sufficient to support a conspiracy finding is irrelevant unless Karnecki establishes an underlying constitutional violation, which he has not done here. *See Lacey*, 693 F. 3d at 935.

*Ky Karnecki v. City of Sisters,* 18-35079

R. Nelson, Circuit Judge, concurring:

I write separately to note that the *Rooker-Feldman* and *Younger* abstention doctrines are not applicable here.

The *Rooker-Feldman* doctrine does not support supplanting subject matter jurisdiction where it was properly granted. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). While the state-court judgment against Karnecki may have preclusive effects, it did not divest his claims of properly invoked subject matter jurisdiction.

Similarly, the *Younger* abstention doctrine does not apply. Federal damages claims can only be *stayed*—not dismissed—under *Younger*. *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (en banc). As the underlying state court proceedings had concluded, Karnecki's claims should have been evaluated under issue preclusion, not *Younger*, to determine if they should advance.

The district court inappropriately applied these abstention doctrines. However, I agree that Karnecki's claims are barred by issue preclusion. I therefore concur.