***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted October 21, 2022, affirmed June 28, 2023

In the Matter of K. M. A.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

K. M. A.,
*Appellant.*

Washington County Circuit Court
19JU09574; A174365

Brandon M. Thompson, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Hellman, Judge, and Landau, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Youth[1] appeals from the juvenile court's judgment of dismissal. In his sole assignment of error, he asserts that the juvenile court erred when it denied his motion, based on issue preclusion, to prevent the state from attempting to relitigate his status as a minor. According to youth, the trial court had previously determined that he was a minor when it ordered that he be housed at a juvenile facility pending trial. For the following reasons, we disagree with youth's argument and affirm the juvenile court's ruling.

Youth was charged as an adult with multiple criminal offenses, including robbery in the second degree, ORS 164.405. He moved for release or transfer to a juvenile facility, contending that he was 17 years old and offering a document that he claimed was a copy of his birth certificate. After explaining that it was not making a jurisdictional finding, the trial court transferred youth to a juvenile facility because liability concerns about possibly housing a juvenile in county jail outweighed the risk of possibly housing a 19-year-old in a juvenile facility.

In juvenile court, youth moved to prevent the state from seeking to establish that he was not a minor. He took the position that issue preclusion barred such an argument because the trial court had already decided the factual issue. The juvenile court denied youth's motion and, following a jurisdictional hearing, dismissed the case. As stated above, the denial of that issue-preclusion-based motion is the basis of youth's appeal.

We review conclusions with respect to issue preclusion for errors of law. *OEA v. Oregon Taxpayers United*, 253 Or App 288, 299, 291 P3d 202 (2012). "Issue preclusion arises in a subsequent proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding." *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993).

---

[1] We refer to appellant as "youth" in this opinion both because the parties do so, and because this appeal arises from a juvenile court judgment. However, that reference does not mean that we have determined appellant is a "youth" as that term is defined in ORS 419A.004.

Because the state did not dispute that it was a party to the trial court and juvenile court proceedings, youth was required to establish that the issue of ultimate fact was identical in both proceedings and that it was actually litigated and essential to the trial court's final decision on the merits. *See Thomas v. U. S. Bank National Association*, 244 Or App 457, 469, 260 P3d 711, *rev den*, 351 Or 401 (2011) (explaining that the party asserting issue preclusion bears the burden of proof on three elements before the burden shifts to the other party).

Our analysis begins and ends with the first element. Youth contends that the issue of ultimate fact—that he was a minor when taken into custody—was identical in both proceedings because the trial court could not have transferred him to a juvenile facility without such a finding. We disagree.

The issue before the trial court was where to place youth pending trial. The choices presented were to release youth or to hold him in custody. If he remained in custody, the trial court had to decide where he should be housed. After considering youth's representations regarding his age, his criminal history, and the potential risks of housing a 17-year-old in county jail, the trial court denied youth's motion for release and transferred him to a juvenile facility pending trial. That ruling was based on the trial court's concerns about the possible risks of housing a 17-year-old in a county jail. It was not based on a conclusive determination of youth's age. In fact, in so ruling, the trial court declined to rule on youth's request to make an affirmative finding that he was a minor.

In contrast, the juvenile court was explicitly requested to, and did, make a determination of youth's age pursuant to ORS 419C.005(1). Because the issues were not identical in both proceedings, we do not reach youth's latter arguments. The juvenile court did not err.

Affirmed.