**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 12 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

LAURA TOMAS,

Plaintiff - Appellant,

v.

ALLSTATE INDEMNITY COMPANY, an
Illinois Insurance company,

Defendant - Appellee.

No. 24-2558

D.C. No.
3:23-cv-00830-JR

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted June 10, 2025[**]
Portland, Oregon

Before: TALLMAN, OWENS, and VANDYKE, Circuit Judges.

Laura Tomas ("Tomas") appeals the district court's grant of summary

judgment in favor of Allstate Indemnity Company ("Allstate") on claims for

declaratory relief, breach of contract, and negligence per se arising from Allstate's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of indemnity coverage under a renter's insurance policy. We review a district court's grant of summary judgment de novo. *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Tomas's claims arise from an arbitration award entered against her after the buyers of her former home alleged damage caused by pet urine during her post-sale occupancy. In her first Oregon state court action, Tomas sought a declaration that Allstate had a duty to defend her in the arbitration. The state court granted summary judgment for Allstate, holding that there was no duty to defend because no coverage existed under the policy due to several exclusions, including those for contaminants, property occupied by the insured, and contractual liability. Tomas then filed the instant lawsuit in Oregan state court, raising claims for declaratory relief, breach of contract, and negligence per se based on Allstate's alleged duty to indemnify. Following removal, the federal district court found that Tomas's claims are barred under the doctrine of issue preclusion and granted summary judgment to Allstate.

1. The district court correctly held that issue preclusion bars Tomas's claims for declaratory relief and breach of contract in her second lawsuit. Issue preclusion "forecloses relitigation of factual or legal issues that have been actually and necessarily decided in earlier litigation." *San Remo Hotel, L.P. v. S.F. City & Cnty.*, 364 F.3d 1088, 1094 (9th Cir. 2004). A federal court sitting in diversity applies the preclusion law of the state where it sits. *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875

F.3d 1241, 1244 (9th Cir. 2017). Under Oregon law, issue preclusion applies when an issue of ultimate fact or law was actually litigated and essential to a final judgment, among other requirements not disputed here. *See Nelson v. Emerald People's Util. Dist.*, 862 P.2d 1293, 1296–97 (Or. 1993).

In Tomas's first lawsuit, the state court conclusively determined that Allstate had no duty to defend Tomas because there was not a potentially covered "occurrence" since the alleged property damage fell squarely within the policy's exclusions. That determination controls the question of indemnification in this lawsuit because Tomas already had a full and fair opportunity to litigate the meaning and application of the policy's coverage and exclusions. As a result, her attempt to relitigate the identical coverage question is precluded absent any new legal or factual developments to justify a different result. *See id.* at 1297.

Although the duty to indemnify is distinct from the duty to defend under Oregon law, *see Ledford v. Gutoski*, 877 P.2d 80, 82–85 (Or. 1994) (en banc), here both duties are controlled by the same interpretation of the scope of coverage provided by the policy. *See Twigg v. Admiral Ins. Co.*, 525 P.3d 478, 485 (Or. Ct. App. 2023), *overruled on other grounds*, 373 Or. 445 (2025). Because the state court's decision in the first case regarding the duty to defend was wholly premised on an interpretation of (non)coverage under the policy, the district court properly

3

concluded that the coverage issue was already resolved in the first lawsuit, could not be relitigated, and thus Allstate had no duty to indemnify Tomas.

2.    The district court also correctly held that issue preclusion bars Tomas's negligence per se claim. That claim contends that Allstate failed to comply with the provisions of an Oregon statute regarding unfair claim settlement practices. *See* Or. Rev. Stat. § 746.230. The issue of whether Allstate was obligated to indemnify Tomas for the arbitration award was conclusively resolved in the first lawsuit and that issue is essential to this negligence per se claim. Tomas does not otherwise identify a legally protected interest that was not resolved in the first lawsuit. Issue preclusion therefore bars Tomas's negligence per se claim.

**AFFIRMED.**