**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUTH ANN MUNGER, Individually, and in her Capacity as Co-Personal Representative of the Estate of Philip Louis Cloud, <br><br>             Plaintiff-ctr-claim-defendant - Appellee, <br><br>  v. <br><br> TRACY LAMPRON CLOUD, <br><br>             Defendant-ctr-claimant - Appellant, <br><br> INTEL CORPORATION, a Delaware Corporation, as Plan Administrator of the Intel Retirement Contribution Plan, Intel 401(K) Savings Plan; Intel Minimum Pension Plan, Intel Retiree Medical Plan, and Sheltered Employee Retirement Medical Account;; INTEL RETIREMENT PLANS ADMINISTRATIVE COMMITTEE; INTEL BENEFITS ADMINISTRATIVE COMMITTEE, <br><br>             Defendants - third-party-defendants - Appellees | No. 23-3107 <br><br> D.C. No. 3:22-cv-00263-HZ <br><br> MEMORANDUM* |

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

PEGASUS FIDUCIARY SERVICE, LLC,
in its capacity as Personal Representative of
the Estate of Philip Louis Cloud, MARK
IAN CLOUD, DAWN WILFONG
ROBINSON, CASSANDRA MARIE
WILFONG,

        Real-parties-in-interest.

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted May 29, 2026[**]

Before: LEE, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Defendant-Appellant Tracy Lampron Cloud was convicted for the second-degree murder of Philip Louis Cloud in Oregon state court. During the pendency of this appeal, the Oregon Court of Appeals affirmed Ms. Cloud's conviction and Ms. Cloud's petition to the Oregon Supreme Court was denied. A final judgment on Ms. Cloud's criminal conviction issued on December 18, 2025.

Plaintiff-Appellee Ruth Munger is the representative of Mr. Cloud's estate who sought and received relief from the district court on summary judgment that Ms. Cloud is not entitled to Mr. Cloud's Employee Retirement Income Security

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

        23-3107

Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* benefits because she is his slayer. Ms. Cloud appeals this determination.

1. "We review a district court's grant of summary judgment de novo." *Spirit of Aloha Temple v. County of Maui*, 49 F.4th 1180, 1188 (9th Cir. 2022). "Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-movant, there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." *Id.* The applicability of collateral estoppel is reviewed de novo, and a district court's decision giving preclusive effect is reviewed for abuse of discretion. *Id.* at 1193. We can "affirm on any ground supported by the record." *Johnson v. Barr*, 79 F.4th 996, 1003 (9th Cir. 2023).

2. We need not resolve whether Oregon or California law applies, or whether their state slayer statutes are preempted by ERISA, because there is no triable factual dispute that Ms. Cloud is Mr. Cloud's slayer and is therefore not entitled to his ERISA benefits. Under both California and Oregon law, a person's killer is not entitled to benefit from the decedent's pension, *see* Or. Rev. Stat. § 112.515; Cal. Prob. Code. § 252, and a final judgment of conviction for a felonious and intentional killing is conclusive as to whether an individual is a slayer, *see* Or. Rev. Stat. § 112.555(1); Cal. Prob. Code. § 254(a). Ms. Cloud has exhausted her appeals, and her conviction for the second-degree murder of Mr.

Cloud is now final.  Accordingly, Ms. Cloud is not entitled to Mr. Cloud's ERISA benefits per California or Oregon law.

Even if the state slayer statutes were preempted, federal common law refuses to allow a person to benefit financially from a murder she has committed.  *See Mut. Life Ins. Co. of N.Y. v. Armstrong*, 117 U.S. 591, 600 (1886).  Accordingly, Ms. Cloud's criminal conviction for the murder of Mr. Cloud conclusively establishes that she is not entitled to Mr. Cloud's ERISA benefits under federal law.

3.  The district court did not err in estopping Ms. Cloud from relitigating whether she murdered Mr. Cloud.  "Under the Full Faith and Credit Act, 28 U.S.C. § 1738, the preclusive effect of a state court judgment . . . is determined by the preclusion law of the state in which the judgment was issued."  *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001); *see also Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 374 (1996).  We use several criteria to analyze the application of issue preclusion.  *See Ayers v. City of Richmond*, 895 F.2d 1267, 1271 (9th Cir. 1990); *see also Nelson v. Emerald People's Util. Dist.*, 862 P.2d 1293, 1296–97 (Or. 1993) (substantially the same).  In this case, all criteria are met because Ms. Cloud was convicted for the intentional murder of Mr. Cloud which is a serious offense, and her guilt was established in the criminal case where she had a full and fair opportunity to litigate.

4. Whether Plaintiff-Appellees violated Ms. Cloud's Fifth and Sixth Amendment rights was not pleaded or adjudicated in the district court and therefore is not properly before us on appeal. *Cf. G & G Prods. LLC v. Rusic*, 902 F.3d 940, 950 (9th Cir. 2018).

5. The district court did not abuse its discretion in denying Ms. Cloud's request to appoint counsel because Ms. Cloud failed to make the requisite showing of exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

6. The district court did not abuse its discretion in denying Ms. Cloud leave to amend to assert a counterclaim based on a rescinded state settlement agreement. *See California ex rel. Cal. Dep't of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004). The proposed claim was both futile and unduly delayed.

**AFFIRMED.**