Argued and submitted November 17, 2003, appeal dismissed May 12, 2004

D. Grant WALTER
and Service Employees International Union Local 140,
*Appellants,*

*v.*

James SCHERZINGER
and Portland School District No. 1J,
*Respondents.*

0202-01843; A118490

89 P3d 1273

James S. Coon argued the cause for appellants. With him on the brief was Swanson, Thomas & Coon.

William H. Walters argued the cause for respondents. With him on the brief was Miller Nash LLP.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

HASELTON, P. J.

## HASELTON, P. J.

This is a companion case to *Walter v. Scherzinger (A118491)*, 193 Or App 355, 89 P3d 1265 (2004). Plaintiffs appeal from a circuit court judgment dismissing their complaint for lack of jurisdiction. For the reasons that follow, we dismiss this appeal.

The only facts pertinent to our analysis and disposition are procedural. On February 26, 2002, plaintiffs filed this action, seeking declaratory and injunctive relief in circuit court. Specifically, plaintiffs contended that a proposal to contract out custodial services in the Portland Public School District violated the Custodians' Civil Service Law (CCSL), ORS 242.310 to 242.640 and ORS 242.990, and, consequently, was a prohibited subject of bargaining under the Public Employee Collective Bargaining Act. On April 17, 2002, while the circuit court action was still pending, plaintiffs, as petitioners, filed a substantively identical petition with the Employment Relations Board (ERB) seeking a declaratory ruling pursuant to ORS 183.410 and OAR 115-015-0000. Plaintiffs acknowledge that they pursued the circuit court case and the ERB proceeding concurrently as a precaution, in order to ensure that they obtained a decision on the merits in some forum.

On May 20, 2002, the circuit court determined that ERB had "exclusive jurisdiction" to determine the controversy and dismissed plaintiffs' claims. However, at the same time, and at plaintiffs' request, the trial court issued a "provisional ruling" on the merits, concluding that the CCSL "does not prohibit the contracting of custodial services to outside entities." Plaintiffs appealed from the circuit court's judgment. On June 7, 2002, ERB issued its declaratory ruling, also concluding that the CCSL does not prohibit the district's contracting proposal. Petitioners sought judicial review of that ruling.

We dismiss this appeal because, given our disposition of the companion judicial review of ERB's order, this appeal is moot. The only issue presented here is whether the trial court erred in dismissing this case on "exclusive jurisdiction" grounds. Regardless of the correctness of that ruling,

ERB had, at least, concurrent jurisdiction, and the substance of plaintiffs' allegations before the circuit court and ERB are identical. Because our affirmance of ERB's order fully adjudicates the merits of the parties' dispute, any opinion addressing the correctness of the trial court's jurisdictional ruling would have no "practical effect" on the rights of the parties. *See Brumnett v. PSRB*, 315 Or 402, 406, 848 P2d 1194 (1993) ("Cases that are otherwise justiciable, but in which a court's decision no longer will have a practical effect on or concerning the rights of the parties, will be dismissed as moot.").

Appeal dismissed.