Argued and submitted August 10, affirmed December 8, 2004

James SCHERZINGER
and Portland School District No. 1J,
*Respondents,*

*v.*

The PORTLAND CUSTODIANS
CIVIL SERVICE BOARD,
*Respondent,*

*and*

Tamara McWILLIAMS,
Henry Shambry,
and 90 Civil Service Custodians,
*Appellants.*

0208-08154, A120712 (Control)

STATE ex rel Tamara McWILLIAMS,
Henry Shambry,
and 90 Civil Service Custodians,
*Appellants,*

*v.*

PORTLAND PUBLIC SCHOOL DISTRICT NO. 1J,
MULTNOMAH COUNTY, OREGON;
Portland Board of Education; Marc Abrams;
Lolenzo Poe; Sue Hagmeier; Derry A. Jackson, Sr.;
Debbie Goldberg Menashe; Julia Brim-Edwards;
Karla Wenzel; and James Scherzinger,
*Respondents.*

0210-09876, A120713
(Cases Consolidated)

103 P3d 1122

386

Mark E. Griffin argued the cause for appellants. With him on the briefs was William D. Brandt.

William H. Walters argued the cause for respondents James Scherzinger and Portland School District No. 1J., Multnomah County, Oregon; Portland Board of Education; Marc Abrams; Lolenzo Poe; Sue Hagmeier; Derry A. Jackson, Sr.; Debbie Goldberg Menashe; Julia Brim-Edwards; and Karla Wenzel. With him on the brief were Jeffrey D. Austin and Miller Nash LLP.

No appearance for respondent The Portland Custodians Civil Service Board.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

BREWER, C. J.

## BREWER, C. J.

Tamara McWilliams, Henry Shambry, and 90 other civil service custodians, to whom we collectively refer as "the custodians," lost their jobs after the Portland Public School District (PPS) decided to contract out all its custodial work to a private contractor. This procedurally complex case involves two issues: (1) whether a decision by the Employment Relations Board (ERB) that PPS's proposal to contract out its custodial work was not a prohibited subject of bargaining precluded the Custodians Civil Service Board (the board) from deciding that PPS's dismissal[1] of the custodians violated the Custodians' Civil Service Law (CCSL), ORS 242.310 to 242.640 and ORS 242.990, and (2) whether the trial court could review the board's decision in a writ of review action. We agree with the trial court that the writ of review action was an appropriate procedural vehicle through which PPS could challenge the board's reinstatement order and that the board was precluded from determining that the custodians' dismissal violated the CCSL. We therefore affirm.

The material facts are not in dispute. In 2002, PPS faced a serious budget crisis, and its then-superintendent, James Scherzinger, sent a letter to the president of the custodians' union informing him that PPS proposed to contract out all of the custodial services currently being performed by members of the union. A series of legal proceedings ensued.[2] The first pertinent proceeding here was an administrative proceeding before ERB under ORS 183.410 and OAR 115-015-0000.[3] The union sought a declaratory ruling that "the

---

[1] The parties disagree as to whether the custodians were dismissed or laid off from employment. Because we decide this appeal on other grounds, we need not resolve that dispute. Nevertheless, for the sake of convenience, we refer throughout this opinion to the elimination of the custodians' positions as "dismissal" or "termination." Our use of those descriptors should not be understood to resolve the parties' dispute concerning that issue.

[2] In addition to the present litigation, PPS's proposal generated the following: an action before ERB, two actions for declaratory and injunctive relief in circuit court, a petition for a writ of mandamus to the Supreme Court, two appeals to this court, and two proceedings before the board. Because we conclude that the ERB order precluded the board's decision, we need not address the possible preclusive effect of any disposition of the other proceedings.

[3] ORS 183.410 provides, in part, that, "[o]n petition of any interested person, any agency may in its discretion issue a declaratory ruling with respect to the

contracting out of custodial services by [PPS] is a prohibited subject of bargaining, and that [the CCSL] prohibits [PPS] from terminating its custodial employees and contracting out its custodial services." The thrust of the union's argument was that the CCSL provides a comprehensive scheme for hiring, promoting, and dismissing the custodians, that contracting out custodial work would render the CCSL a "dead letter," and that the legislature implicitly precluded such a circumvention of the CCSL. ERB framed the issue before it as "whether [PPS's] proposal to contract out its custodial services is contrary to the provisions of the CCSL or requires violation of those statutes." ERB concluded that PPS's proposal did not violate the CCSL, reasoning that the CCSL applies only to the custodians in PPS's employ, and the CCSL does not prohibit PPS from choosing not to employ the custodians. ERB therefore entered an order ruling that the proposal was not a prohibited subject of bargaining. We affirmed that order in *Walter v. Scherzinger (A118491)*, 193 Or App 355, 89 P3d 1265 (2004).

After ERB entered its order, PPS and the union bargained over the proposal but reached no agreement. PPS accordingly implemented its proposal to contract out custodial work, and it terminated the custodians' employment. *See* ORS 243.698(4) (after the bargaining process has ended, an employer may implement its proposed changes without any further obligation to bargain). The custodians then instituted a proceeding before the board asking it to reinstate them pursuant to ORS 242.630. That statute authorizes the board to determine whether a custodian's dismissal was made for "political or religious reasons, or because of reasons of age as described in ORS chapter 659A, or was not made in good faith for the purpose of improving public service"; instructs the board to report its findings to the school board; and directs the school board to reinstate the employee accordingly. *Id.* The custodians argued that the dismissals violated the CCSL because they were without cause and not for the good of public service. *See* ORS 242.620 (stating that no permanently appointed employee in the civil service shall be

applicability to any person, property, or state of facts of any rule or statute enforceable by it." OAR 115-015-0000 specifically authorizes ERB to issue such rulings.

dismissed except for cause and authorizing the board to investigate allegations that a dismissal was not made in good faith for the purpose of improving public service). The board investigated, agreed with the custodians that PPS dismissed them in violation of the CCSL, and ordered their reinstatement.

In response to that order, PPS initiated a writ of review action in the trial court, alleging, among other things, that ERB's decision precluded the board from deciding that the dismissals violated the CCSL. The custodians intervened in that action and moved to dismiss the writ on the ground that PPS lacked standing to challenge the board's order. They did not challenge the factual assertions in PPS's petition; rather, they argued that, as a matter of law, PPS could not challenge any order by the board under any circumstance. The trial court disagreed and denied the motion.

The custodians also brought a separate action in the trial court seeking a writ of mandamus to enforce the board's order. In a consolidated hearing, the trial court heard cross-motions for summary judgment in both the mandamus and the writ of review actions and ruled in favor of PPS in both. The court agreed with PPS that ERB's decision precluded the board from deciding that PPS violated the CCSL and from ordering the custodians' reinstatement. Accordingly, the court entered one judgment annulling[4] the board's order and another dismissing the mandamus action. The custodians assign error to the trial court's denial of their motion to dismiss the writ of review, its grant of PPS's motion for summary judgment in the writ of review action, and its denial of the custodians' motion for summary judgment in the mandamus action.[5] We address each in turn.

---

[4] On review of a tribunal's decision, the circuit court has the power to affirm, modify, reverse or "annul" the decision or determination reviewed and, if necessary, to award restitution to the plaintiff or remand for further proceedings. ORS 34.100.

[5] The custodians make four assignments of error relating to the trial court's grant of PPS's summary judgment motion in the writ of review action, which was based on a number of independent grounds. Because we agree with the trial court that issue preclusion barred the board's decision in this case, we do not address the trial court's alternative grounds for its decision or the custodians' remaining assignments of error.

■ The custodians first assign error to the trial court's denial of their "motion to dismiss PPS[ ]'s writ of review." We note that the motion itself was entitled "motion to dismiss PPS[ ]'s petition for a writ of review." We treat the motion as a motion to dismiss the writ of review for the following reason. A writ of review directs another court, officer, or tribunal to send a certified copy of a record to the trial court for review. ORS 34.060. After reviewing the record, the trial court may enter a judgment on the merits. ORS 34.100. Because the custodians made their motion after the trial court issued the writ, the motion should be treated as one to dismiss or quash the writ itself rather than one to dismiss the petition for the writ. We turn to the merits of the motion.

■■ The custodians have asserted, both before the trial court and this court, that PPS lacked "standing" to seek a writ of review. Ordinarily, when a respondent or intervenor in a writ of review action challenges the petitioner's standing to seek the writ, the trial court holds an evidentiary hearing at which the petitioner bears the burden of proving facts that establish standing. *Duddles v. City Council of West Linn*, 21 Or App 310, 330, 535 P2d 583, *rev den* 1975). Here, however, the custodians do not challenge any of PPS's factual assertions regarding standing, nor have they requested an evidentiary hearing on that issue. Rather, they assert that, as a matter of law, PPS may not object to any decision by the board under any circumstance. They make two arguments in support of that assertion. First, they argue that neither the CCSL nor the writ of review statutes allow PPS to seek judicial review of the board's orders. That is a question of statutory interpretation, which we review for legal errors. *Hannigan v. Hinton*, 195 Or App 345, 348, 97 P3d 1256 (2004). Second, they argue that PPS is attempting to appeal its "own" decision and therefore there is no adversity between the parties. The custodians did not raise that argument to the trial court but, because the argument challenges the justiciability of PPS's claims, we address it for the first time on appeal.[6] *See Oregon Medical Association v. Rawls*, 281 Or

---

[6] The custodians did make a similar argument before the trial court, but the court declined to address it because it was presented in an untimely memorandum. On appeal, the custodians do not argue that the trial court improperly declined to consider their second argument but, instead, reframe that argument as one of justiciability.

293, 296, 574 P2d 1103 (1978) (noting that appellate courts must consider justiciability regardless of when or whether it was raised to them or to any other court).

■      The custodians first argue that "[t]he CCSL does not give [PPS] the right to appeal from a decision by the [board]. There is nothing in the Writ of Review statute, ORS 34.010 et seq., which indicates that [PPS] may obtain a writ of review of a [board] order." The custodians are correct that the CCSL does not expressly provide for an appeal by PPS. However, PPS did not attempt to appeal the board's order under the CCSL. Rather, it relied on ORS 34.020, which provides that, subject to certain exceptions not applicable here, "any party to any process or proceeding before or by any inferior court, officer, or tribunal may have the decision or determination thereof reviewed for errors[.]" The board is a "civil service board with jurisdiction over the appointment, employment, classification and discharge of custodians and assistant custodians in the employ of the school district." ORS 242.330. Where appealable, its decisions are subject to review by the courts. *See, e.g.*, ORS 242.630(3) (providing for appeals to circuit court of board decisions upholding employee discharge). Accordingly, the board is an "inferior tribunal" within the meaning of ORS 34.020. *See Johnson v. Civil Service Board*, 161 Or App 489, 985 P2d 854, *modified on recons*, 162 Or App 527 (1999) (reviewing circuit court judgment in writ of review action, which affirmed decision of city civil service board sustaining city employee's demotion). Furthermore, it is undisputed that PPS was a party to the proceeding before the board. In that proceeding, PPS argued that it had not improperly dismissed the custodians, and the board disagreed, determining that issue adversely to PPS. Because PPS was a party to a proceeding before an inferior tribunal, it was entitled to judicial review of the board's decision under ORS 34.020. The custodians fail to explain why that statute does not allow PPS to seek a writ of review under the present circumstances. We therefore reject their first argument without further discussion.

■      In their second argument, the custodians assert that the board is "part" of PPS, that the board's decision is therefore PPS's decision, and that the case is not justiciable because there is no adversity between the parties. Article VII

of the Oregon Constitution requires courts to exercise their judicial power only in cases in which the interests of the parties are adverse and the court's decision will have some practical effect on the parties' rights. *Brumnett v. PSRB*, 315 Or 402, 405-06, 848 P2d 1194 (1993). The adversity requirement ensures that an actual controversy exists; if the parties to the proceeding advocate the same position, the case must be dismissed as nonjusticiable. *Rawls*, 281 Or at 297-98. That problem is not present here.

Although PPS's school board appoints the members of the board, ORS 242.330, and provides the board with facilities and clerical assistance, ORS 242.380, the board is not merely a branch or apparatus of PPS. The board is a civil service board that is statutorily charged with carrying out the provisions of the CCSL. ORS 242.390. Among other responsibilities, the board makes recommendations and reports to PPS's school board "for a more effective accomplishment of classified civil service." ORS 242.400. In addition, and as pertinent here, the board reviews the discharge decisions of PPS. ORS 242.620; ORS 242.630. Such proceedings inherently can be adversarial. That undisputably was— and remains—the case here. The custodians contend that they are entitled to reinstatement and that the board's order to that effect should be enforced. Conversely, PPS asserts that the custodians are *not* entitled to reinstatement and that the board's order should be annulled. The parties' interests are therefore adverse and this court's decision will have a practical effect on their rights. Accordingly, the trial court did not err in denying the custodians' motion to dismiss the writ of review. We now consider whether the trial court properly granted PPS's motion for summary judgment.

■ Judgment for a petitioner in a writ of review action is appropriate where the reviewing court concludes that the tribunal whose decision is under review committed one of the kinds of error enumerated in ORS 34.040. *Johnson*, 161 Or App at 498. We, in turn, review the trial court's conclusion for errors of law. *Id.* Thus, judgment for PPS was appropriate if, as PPS contends, the board misconstrued applicable law by concluding that issue preclusion did not bar it from deciding that the dismissals violated the CCSL. *See* ORS 34.040 (listing the "misconstru[al] of applicable law" as one of the types

of error that a trial court may correct in a writ of review action).

■■ Under certain conditions, issue preclusion may bar relitigation of an issue decided in a prior proceeding. *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993). Issue preclusion has roots in the constitution, common law, and various statutes. *Id.* Because this case involves the preclusive effect of a final order in an administrative proceeding, it is governed by common law. *Id.* at 104. The common-law requirements of issue preclusion are (1) the issue in the two proceedings must be identical, (2) the issue must have been actually litigated and essential to a final decision on the merits in the prior proceeding, (3) the party sought to be precluded must have had a full and fair opportunity to be heard on the issue, (4) the party sought to be precluded must have been a party or in privity with a party to the prior proceeding, and (5) the prior proceeding must be the type of proceeding to which courts will give preclusive effect. *Id.*

The custodians maintain that issue preclusion does not apply here because (1) the order in the ERB proceeding is not one to which we can give preclusive effect, (2) the custodians were not parties to the ERB proceeding, and (3) the issue that the board decided is different from the issue that ERB decided.

■■ The custodians first argue that the trial court should not have given ERB's decision preclusive effect because that decision was being appealed at the time of trial. The custodians cite *Drews v. EBI Companies*, 310 Or 134, 141, 795 P2d 531 (1990), for the proposition that "a judgment is conclusive unless it is on appeal or direct review." *Drews*, however, held that a "valid and final personal judgment is conclusive between the parties, except on appeal or other direct review." *Id.* In other words, a valid judgment binds the parties for all purposes except for the purpose of challenging the judgment on appeal or direct review. The pendency of appeal does not, however, prevent a judgment from having preclusive effect. *Ron Tonkin Gran Turismo v. Wakehouse Motors*, 46 Or App 199, 207, 611 P2d 658, *rev den*, 289 Or 373 (1980). We therefore reject the custodians' first argument.

██ ██ The custodians next argue that ERB's decision should not bar them from relitigating an issue because they were not parties to the ERB proceeding. Issue preclusion, however, bars relitigation of an issue by any party to the prior proceeding or anyone who was in privity with a party to the prior proceeding. *State Farm Fire & Cas. v. Reuter*, 299 Or 155, 161, 700 P2d 236 (1985). For purposes of issue preclusion,[7] those in privity include those who control an action, those whose interests are represented by a party to the action, and successors in interest to those having derivative claims. *Id.* Because the custodians' interests were represented by their union in the ERB proceeding, they are in privity with the union. *See Shuler v. Distribution Trucking Co.*, 164 Or App 615, 626 n 8, 994 P2d 167, *rev den*, 330 Or 375 (1999) (determining that the plaintiff was in privity with his union for issue preclusion purposes because the union had a fiduciary duty to represent the plaintiff's interests).

The custodians' last argument is that the two issues are not identical because the issue before ERB was whether contracting out custodial work would violate the CCSL and the issue before the board was whether the custodians' dismissal violated the CCSL. PPS counters that ERB decided the broader issue of whether the implementation of PPS's proposal to terminate the custodians *and* contract out all custodial work would require PPS to violate the CCSL. PPS contends that the board made a contrary determination on an identical issue when it decided that the custodians' dismissal violated the CCSL. To resolve the parties' disagreement, we must determine what issues ERB decided for purposes of issue preclusion.

██ A tribunal is deemed to have decided all issues that were actually litigated and essential to the tribunal's decision. *Farmers & Fruit-Growers' Bank v. Davis*, 93 Or 655, 666, 184 P 275 (1919) ("If the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties or their privies, and if a judgment necessarily presupposes

---

[7] Privity rules differ for purposes of issue and claim preclusion. *See Bloomfield v. Weakland*, 193 Or App 784, 794, 92 P3d 749, *rev allowed*, 337 Or 81 (2004).

certain premises, they are as conclusive as the judgment itself, for the judgment is an adjudication on all matters which are essential to support it."); *see also State v. Nunnemaker*, 186 Or App 194, 197, 62 P3d 869 (2003) ("Issue preclusion operates to prevent the relitigation of a factual issue if the issue was actually *or necessarily* resolved in a prior proceeding." (Emphasis added.)); *Restatement (Second) of Judgments* § 27 comment g (1982) ("If several issues are litigated in an action, and a judgment cannot properly be rendered in favor of one party unless all of the issues are decided in his favor, and judgment is given for him, the judgment is conclusive with respect to all the issues.").

The union advanced two issues in its petition to ERB: (1) whether the contracting out of custodial work by PPS was a prohibited subject of bargaining, and (2) whether the CCSL prohibited PPS from terminating its custodial employees and contracting out its custodial services. Because the union raised the issue whether dismissing the custodians violated the CCSL in its petition and asserted it throughout the proceeding before ERB, it was "actually litigated." For issue preclusion to apply, that issue also must have been essential to ERB's decision. ERB ruled that PPS's "proposal to contract out its custodial work is not a prohibited subject of bargaining under" the Public Employees Collective Bargaining Act. In so ruling, ERB reasoned that contracting out work did not violate the CCSL because the CCSL does not require PPS to employ custodial workers. Although ERB's reasoning and the wording of its ruling focused on the first issue raised in the union's petition—whether contracting out custodial work was prohibited—ERB implicitly but necessarily decided both issues.

ERB could not have ruled in favor of PPS unless it had determined that PPS's proposal to terminate the custodians did not require violation of the CCSL. ERB ruled that PPS's proposal, which included PPS's plan to terminate all the custodians then in its employ, was not a prohibited subject of bargaining. A prohibited subject of bargaining is one that is "contrary to statute or would require a party to act contrary to statute." *Eugene Police Employees' Association v. City of Eugene*, Case No. UP-5-97, 17 PECBR 299, 304 (1997), *aff'd,* 157 Or App 341, 972 P2d 1191 (1998), *rev den,* 328 Or

418 (1999). If the proposal had required a violation of any part of the CCSL, including the provision that the custodians not be dismissed except for cause, the proposal would have been a prohibited subject of bargaining. Thus, the issue whether the custodians' termination violated the CCSL was essential to ERB's decision. The board misconstrued applicable law in concluding that it was not precluded from considering the identical issue in the proceeding before it. Accordingly, the trial court did not err in granting PPS's motion for summary judgment in the writ of review action.

The remaining issue is whether the trial court erred in denying the custodians' motion for summary judgment in the mandamus action. We review the denial of a motion for summary judgment in a mandamus action in the same manner as in any other action. ORS 34.240. We view the record in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists and, if not, whether the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). Because the parties do not dispute the relevant facts, we determine whether the custodians were entitled to the writ as a matter of law. The custodians were so entitled if they had a clear legal right to reinstatement and if they had no other plain, speedy, and adequate remedy available. *State ex rel. v. Dobson*, 171 Or 492, 498, 135 P2d 794, 137 P2d 825 (1943). The custodians argue that they had a clear legal right to reinstatement because the board ordered their reinstatement. As discussed above, however, the trial court properly annulled the board's order and, in doing so, extinguished any right to reinstatement that the custodians otherwise might have had. The custodians therefore were not entitled to judgment as a matter of law, and the trial court did not err in denying their motion for summary judgment.

Affirmed.