Argued and submitted January 10, affirmed March 2, 2005

PORTLAND PUBLIC SCHOOL DISTRICT NO. 1J,
an Oregon Public School District,
*Respondent,*

*v.*

PORTLAND CUSTODIAN CIVIL
SERVICE BOARD,
an Oregon Civil Service Board,
*Defendant,*

*and*

Donald W. STRONG,
David P. Vecsi, Lynda M. Anderson, Mary J. Anderson,
Robert L. Anderson, Steven R. Armony,
Glenn E. Armstrong, Wayne L. Arneson, Daniel Arnold,
Phillip L. Bartlett, William K. Beatty,
Patrick S. Beckmeyer, William P. Blackmon,
Daniel E. Blanchard, Edward J. Borne, Lonnie L. Bowden, Sr.,
Gerald C. Brandon, Shawn H. Briggs, John W. Brooks,
Sarah E. Brophy, Eric A. Brown, John W. Bryant,
Hugh A. Burgett, William L. Camp, Parlor G. Campbell,
Richard R. Carlson, Robert H. Carron, Clyde R. Chamberlain, Jr.,
Huyen D. Chu, Troy C. Classen, Robert J. Clausen,
Ray D. Clay, Marshall W. Collins, Gordon C. Corda,
Timothy J. Curtin, Wayne A. Curtin, Larry D. Cushman,
Antonio L. Dasilva, Timothy D. Davidson, Danny J. Davis,
James L. Davis, James R. Dean, Phyllis J. Dean,
Kenneth D. Deweese, Richard P. Dobas, Carl A. Donaldson,
Francis J. Duncan, Matthew B. Dutton,
Richard W. Ehrhart, William C. Endicott, Daniel L. Esmond,
Ronald J. Fahey, Gary Ferns, Edward E. Flagler,
Lonnie D. Flemming, Belinda G. Fosnot, Elliott R. Fosnot,
Michelle R. Fosnot, Steven R. Fraiser, Mark W. Freimark,
Kenneth D. Fry, Felipe C. Fuents, Jeffery W. Furlow,
James L. Granville, Donald D. Graves, Clifford L. Green,
Paul F. Grignon, James W. Grinnell, David F. Guinn,
Hannelore Gyden, Douglas G. Halenbeck, Mark A. Hamilton,
Jeffrey C. Haner, Brian G. Hardin, Bruce W. Harris,
Ronald L. Haselwood, Roger D. Hastings, Robert A. Hazeltine,
Kenneth L. Herring, Duane R. Hill, Harold A. Holm,
Ronald Hoodye, Curtis D. Hughes, Victoria R. Ibarra,
Craig S. James, Stetson N. James, Randall L. Jarvis,

Alan C. Jelkrem, Jack M. Jensen, Brent L. Johnson,
Howard S. Johnson, Ray N. Johnson, Frank C. Jones,
Calvin B. Kaiser, Joseph G. Keenon, Bertha M. Kirk,
Richard L. Kreitz, Keith E. Kvernvik, Drew M. Letang,
Lowell K. Linstrom, Douglas I. Lorenson, Terry Q. Luper,
Daniel J. Markey, Richard G. Martin, Terry C. Martin,
Rodney D. Mathiesen, James P. McMahon, Ken Migaki,
Kevin G. Miller, Bryce D. Mitseff, Frank E. Morgan,
Barbara J. Muller, Scott E. Myers, Paul D. Neighorn,
Bernard E. Nelson, Michael A. Nelson,
Nicholas W. Newcomer, Thang V. Nguyen, Donald R. Niece,
Paul D. Nyman, Vincent O. Oniah, Debi L. Paige,
William R. Park, Shirley A. Payton, Ann E. Pimentel,
John H. Pollard, Lee R. Pommerville, John M. Pont,
Thomas I. Posy, Frank R. Powers, Kenneth P. Pray,
Clayton W. Price, Barry D. Pullen, David B. Pullen,
John R. Rider, Charles J. Rinehart, Elizabeth Rodgers,
Mark A. Rogers, Richard R. Rogers, Craig M. Rothschild,
Alan L. Rudy, Henry L. Schamel, Jr., David P. Schieiger,
Mark J. Schnoor, Steven A. Scott, Julian J. Sebastian,
Samuel N. Shalkowsky, Vincynthia Shepard,
Mitsutoshi Shibuya, Leon C. Slider, Kenneth W. Smith,
Pearlie M. Smith, David D. Steward, Michael L. Strand,
Ronald R. Streeter, Thomas M. Summerfield,
Randall B. Suva, Bobby L. Sykes, Kevin C. Test,
Michael A. Thomas, Raymond C. Thomas,
Cynthia J. Vanortwick, Dale A. Vanortwick,
Brad J. Vincent, Sr., Michael F. Vodka, Gerald D. Wallace,
Derthal G. Walter, Douglas K. Warner, Karen J. Waters,
Michael T. Webb, Michael A. Weinberger, Dennis D. Wiley,
David F. William, James M. Williams, Major S. Willis,
Ronald Willoughby, Keith L. Witherspoon,
William R. Wolfe, Sui L. Wong Ao, Kenneth A. Yambra,
Mason L. Young, Timothy G. Young,
Individuals (the "individual Defendants"),
*Appellants.*

0302-01196; A122865

108 P3d 63

See also 196 Or App 384, 103 P3d 1122.

Mark E. Griffin argued the cause for appellants. With him on the opening brief was William D. Brandt. With them on the reply brief was Griffin & McCandlish.

William H. Walters argued the cause for respondent. With him on the brief were Jeffrey D. Austin and Miller Nash LLP.

Before Armstrong, Presiding Judge, and Brewer, Chief Judge, and Landau, Judge.

BREWER, C. J.

**BREWER, C. J.**

Our decision in this case is largely controlled by *Scherzinger v. Portland Custodians Civil Serv. Bd.*, 196 Or App 384, 103 P3d 1122 (2004) (*Scherzinger II*). We write only to address two additional arguments that the defendant custodians make in this case. In both arguments, defendants assert that a decision by the Employment Relations Board (ERB), approving Portland Public School District's (plaintiff's) proposal to privatize its custodial workforce, does not preclude the Custodian Civil Service Board (board) from investigating plaintiff's implementation of that proposal. The trial court rejected those arguments, and we affirm.

This is the third case that we have decided involving plaintiff's proposal to eliminate its in-house custodial positions and contract out its custodial work.[1] In the first case, the union that represented all the custodians then in plaintiff's employ sought a declaratory ruling from ERB that "the contracting out of custodial services by [plaintiff] is a prohibited subject of bargaining, and that [the Custodian Civil Service Law (CCSL)] prohibits [plaintiff] from terminating its custodial employees and contracting out its custodial services." ERB decided that plaintiff's proposal would not require a violation of the CCSL and therefore was not a prohibited subject of bargaining. We affirmed that ruling in *Walter v. Scherzinger (A118491)*, 193 Or App 355, 89 P3d 1265, *rev allowed*, 337 Or 547 (2004) (*Scherzinger I*).

Plaintiff implemented its proposal by sending layoff notices, in three rounds, to custodians then in its employ. The first round of layoff notices gave rise to our second decision. *Scherzinger II*, 196 Or App 384. In that case, a group of custodians who lost their jobs (the *Scherzinger II* custodians) asked the board to investigate their "dismissals"[2] and reinstate them pursuant to ORS 242.620 and ORS 242.630.

---

[1] In a fourth case, *Walter v. Scherzinger (A118490)*, 193 Or App 371, 89 P3d 1273 (2004), we dismissed the appeal as moot. We do not address that case further.

[2] Defendants, as did the *Scherzinger II* custodians, use the words "dismissal," "termination," and "discharge" interchangeably to mean that plaintiff intended to permanently deprive them of their positions. In contrast, they use "layoff" to mean that plaintiff intended the loss of positions to be temporary. They agreed with the trial court that "elimination of positions," "loss of jobs," and the like are neutral terms. For clarity, we strive in this opinion to use the words as defendants do.

Those statutes authorize the board to investigate dismissals and reinstate any custodian whom it determines was dismissed because of political or religious reasons or reasons of age as described in ORS chapter 659A, or because of a decision that was not made in good faith for the purpose of improving public service. The board determined that the *Scherzinger II* custodians had been dismissed in bad faith in violation of the CCSL and ordered plaintiff to reinstate them. In response, plaintiff sought a writ of review in circuit court. That court annulled the reinstatement order on issue preclusion grounds, and we affirmed the annulment in *Scherzinger II*.

This case involves another group of custodians who received layoff notices. They, too, asked the board to investigate their dismissals pursuant to ORS 242.620. The board commenced an investigation and issued several subpoenas to plaintiff to advance that task. In response, plaintiff brought this action against the board and defendants, seeking a declaratory judgment that the board has no authority to investigate plaintiff's elimination of its in-house custodial positions. Plaintiff also sought an injunction to prevent the board from conducting such an investigation. As in *Scherzinger II*, the trial court here decided, on summary judgment, that ERB's decision precluded the board from investigating whether plaintiff dismissed defendants in violation of the CCSL requirement that dismissals be made in good faith for the purpose of improving public service. ORS 242.620.

■ On appeal, most of defendants' arguments mirror those made by the custodians in *Scherzinger II*. We reject those without discussion. However, defendants raise two new arguments about why issue preclusion should not apply here. In both arguments, defendants assert that the issue in this case is not identical to the one before ERB. *See Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993) (one requirement of issue preclusion is that the issue in the two proceedings be identical). Whether the issues are identical is a question of law that we review for legal error.

■ First, defendants argue that the issue in this case is not the same issue that ERB decided because ERB decided

only that a proposed layoff would not violate the CCSL but did not decide that a *termination* would likewise comply with the statute. In support of that argument, defendants assert that we incorrectly concluded in *Scherzinger II* that we did not need to decide whether the *Scherzinger II* custodians were laid off or terminated. *See Scherzinger II*, 196 Or App at 387 n 1 ("The parties disagree as to whether the custodians were dismissed or laid off from employment. Because we decide this appeal on other grounds, we need not resolve that dispute."). Second, defendants argue that our reasoning in *Scherzinger II* does not apply here because this case involves the board's statutory authority to investigate the dismissals, whereas *Scherzinger II* involved the board's authority to order the custodians' reinstatement.

We first address defendants' argument that issue preclusion does not apply here because ERB decided only that a layoff would not violate the CCSL, not that a termination would likewise comply with the statute. We note at the outset that the *Scherzinger II* custodians did not raise the layoff versus dismissal argument in the context of issue preclusion. Instead, their issue preclusion argument was as follows: The issue before ERB was whether contracting out custodial work would violate the CCSL, and the issue before the board was whether dismissing the custodians violated the CCSL, so the two issues were not identical. *Id.* at 394. However, the *Scherzinger II* custodians did make a termination versus layoff argument, but they did so in a different context. The trial court in *Scherzinger* held that, even if issue preclusion did not apply, the board lacked statutory authority to reinstate the custodians because they were not "dismissed" within the meaning of the CCSL. In response to that alternative holding, the *Scherzinger II* custodians argued that they were dismissed and not laid off. Because we decided *Scherzinger II* based on issue preclusion, there was no need to address that alternative argument. Thus, our footnote was not, as defendants here maintain, incorrect.

In this case, defendants *do* raise the dismissal versus layoff issue in the context of issue preclusion. Essentially, they argue that, although the board may be precluded from investigating a layoff, it is not precluded from investigating a termination, which this was. They assert that ERB approved

a proposal to lay off the custodial staff. Defendants further assert that they were not laid off, as contemplated by that proposal, but instead were unlawfully terminated. As evidence that they were terminated, defendants point to a fact not in evidence before ERB—that plaintiff has extended its contract with its private custodial workforce, making it unlikely that defendants will be rehired. They further contend that, because that new fact was not at issue before ERB, the issue in the two proceedings differs.

The issue that ERB decided was not so narrow. ERB is deemed to have decided any issue that was actually litigated and essential to its decision. *Scherzinger II*, 196 Or App at 394. The issue whether defendants were unlawfully terminated was actually litigated before ERB. Although plaintiff characterized its proposal as one to lay off defendants, defendants' union characterized it as one to terminate them. In its petition to ERB, the union sought a declaratory ruling that "the contracting out of custodial services by [plaintiff] is a prohibited subject of bargaining, and that [the CCSL] prohibits [plaintiff] from *terminating* its custodial employees and contracting out its custodial services." (Emphasis added.) Thus, ERB had before it the issue whether plaintiff intended to unlawfully terminate the custodians. *See Jarvis et ux v. Indemnity Ins. Co.*, 227 Or 508, 515, 363 P2d 740 (1961) (relying on pleadings to demonstrate what issues were, for issue preclusion purposes, actually litigated and essential to prior decision).

Resolving whether defendants would be unlawfully terminated was also essential to ERB's decision. If the proposal contemplated an unlawful termination, it would have been a prohibited subject of bargaining. *See Scherzinger II*, 196 Or App at 395 (a prohibited subject of bargaining is one that is " 'contrary to statute or would require a party to act contrary to statute' " (quoting *Eugene Police Employees' Assoc. v. City of Eugene*, Case No. UP-5-97, 17 PECBR 299, 304 (1997), *aff'd*, 157 Or App 341, 972 P2d 1191 (1998), *rev den*, 328 Or 418 (1999)). Thus, ERB could not have concluded that plaintiff's proposal was not a prohibited subject of bargaining without also concluding that the proposal did not contemplate an unlawful termination. Because defendants'

union asserted before ERB that defendants would be unlawfully terminated and the resolution of that issue was essential to ERB's decision, defendants cannot raise it again here.

■     That defendants have emphasized a new fact in this case—the fact that plaintiff has extended its contract with the private custodial workforce—does not change the analysis. The purposes of issue preclusion are (1) achieving finality to a conclusion of a dispute and (2) preventing the splitting of that dispute into separate controversies. Both policies protect limited dispute-resolution resources from repeated expenditure on the same overall dispute. *Drews v. EBI Companies*, 310 Or 134, 141-42, 795 P2d 531 (1990). Defendants' union has litigated the issue whether plaintiff intended to terminate defendants unlawfully in violation of the CCSL. Defendants cannot initiate a new action each time they identify a new argument or discover a new piece of evidence relevant to that issue. To do so would frustrate the aims of issue preclusion: to promote finality and judicial economy and to prevent inconsistent judicial decisions and endless litigation.

■ ■     Defendants next argue that our reasoning in *Scherzinger II* does not control here because this case involves the board's authority to investigate dismissals, while *Scherzinger II* involved only the board's authority to order the *Scherzinger II* custodians' reinstatement. That distinction misses the point of issue preclusion. Issue preclusion not only prevents a tribunal from deciding an issue that has already been decided, it also prevents a party, and those in privity with that party, from relitigating an issue that was already decided. *See Skeen v. Dept. of Human Resources*, 171 Or App 557, 560, 17 P3d 526 (2000), *rev den*, 332 Or 316 (2001) (holding that a prior "administrative decision actually decided ultimate factual issues that are essential to plaintiffs' present claims and that issue preclusion therefore bars the relitigation of those issues"); *Evangelical Lutheran Good Samaritan Soc. v. Bonham*, 176 Or App 490, 498, 32 P3d 899 (2001), *rev den*, 334 Or 75 (2002) ("Issue preclusion precludes *future litigation* on a particular subject issue * * *." (Emphasis added.)); *Community Bank v. U. S. Bank*, 276 Or 471, 480 n 4, 555 P2d 435 (1976) (doctrine of collateral estoppel operates against a party *"who is estopped to raise the issue again"* (emphasis added)).

In this case, the only issue that the board could investigate was whether plaintiff dismissed defendants in violation of the CCSL. ORS 242.630(1) ("The investigation pursuant to ORS 242.620 shall be confined to determining whether the dismissal was or was not for [a prohibited reason]."). As noted, ERB has already decided that issue. Not only is the board precluded from deciding that issue differently, as we held in *Scherzinger II*, but defendants are also precluded from raising that issue again by asking the board to investigate it.

In sum, we adhere to our reasoning in *Scherzinger II* and conclude that ERB's decision precludes the board from investigating whether defendants were terminated in violation of the CCSL. It follows that the trial court did not err in entering judgment for plaintiff.

Affirmed.