Submitted on record and briefs February 1, affirmed April 10, petition for review denied July 2, 2002 (334 Or 327)

Patricia LAWRENCE,
*Respondent,*

*v.*

CLACKAMAS COUNTY,
*Respondent,*

*and*

Dan CLANCY
and Damascus Neighbors,
*Petitioners.*

2001-097; A116469

43 P3d 1192

*See also* 164 Or App 462, 992 P2d 933.

Jeffrey L. Kleinman filed the briefs for petitioners.

Patricia Lawrence filed the brief *pro se* for respondent Patricia Lawrence.

No appearance for respondent Clackamas County.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Intervenors seek judicial review of a decision of the Land Use Board of Appeals (LUBA), remanding the respondent county's denial of an application to verify that a go-kart track is a permissible nonconforming use. *Lawrence v. Clackamas County*, 40 Or LUBA 507 (2001). Intervenors assert that LUBA erred in its disposition because the county correctly denied petitioner's application on the ground that it was barred by claim preclusion and issue preclusion. We affirm.

The basic facts are not in dispute. Petitioner Patricia Lawrence owns a parcel of property in Clackamas County on which she operates a go-kart track. *See generally Lawrence v. Clackamas County*, 164 Or App 462, 992 P2d 933 (1999) (*Lawrence I*) (describing track, in context of previous litigation concerning nonconforming use). The previous owner of the property established the go-kart business on the property in 1960. Since 1964, Clackamas County zoning ordinances have not permitted such a use, given the rural/residential zoning of the land in question. Since petitioner purchased the property in 1971, she has operated the go-kart track business there.

In 1998, petitioner first applied for verification that the go-kart track was a permissible nonconforming use. The county denied that application. In *Lawrence I*, we concluded that the county hearing officer had applied an incorrect legal standard, and, therefore, we reversed and remanded. 164 Or App at 469.

On remand, the county again denied petitioner's application. In its final order, issued in August 2000, the county concluded that the nonconforming use had expired because the go-kart operation had been discontinued for a period of time between 1969 and 1971. In so ruling, the county also rejected petitioner's argument that ORS 215.130(11) controlled.[1] The county concluded that that statute did not apply because it became effective after the application was filed. Petitioner filed a timely appeal with LUBA from the county's August 2000 decision.

---

[1] ORS 215.130(11) provides:

On December 28, 2000, petitioner filed a second application for verification of the nonconforming use status of the go-kart track on her property. Petitioner's 2000 application—which was the subject of this appeal—was substantially similar to her previous application. Shortly thereafter, LUBA dismissed petitioner's appeal of the county's August 2000 decision because petitioner had failed to pursue it.

With respect to petitioner's 2000 application, the county planning director determined that, given the provisions of ORS 215.130(11), plaintiff had proved the nonconforming use. Intervenors challenged the planning director's decision, and the matter was heard by a hearing officer. The hearing officer concluded that petitioner's application should be denied because ORS 215.130(11) would not apply to, in effect, revive applications for verification of a nonconforming use that had been rejected in a previous proceeding. In particular, the hearing officer held that it had been conclusively established in the previous proceeding that the nonconforming use had been discontinued by 1971. He further determined that ORS 215.130(11) effected no material change in the law applicable to the case. Consequently, the hearing officer concluded that petitioner's 2000 application was barred under Clackamas County Zoning and Development Ordinance (ZDO) 1305.02(E),[2] which prohibits refiling of an application within two years of a final decision on a substantially similar application unless there has been a change in applicable law material to the application.

Petitioner appealed the hearing officer's decision to LUBA. LUBA disagreed with the hearing officer's conclusion that the resolution of the prior application had preclusive effect in this proceeding and, consequently, LUBA remanded

"For purposes of verifying a use under subsection (5) of this section, a county may not require an applicant for verification to prove the existence, continuity, nature and extent of the use for a period exceeding 20 years immediately preceding the date of application."

[2] ZDO 1305.02(E) provides, in pertinent part, that an applicant whose application has been denied may file a new application at any time if a "change has occurred in this Ordinance, the Comprehensive plan or other application law which is material to the application," and that, "[i]n any event, a new applicable can be filed two (2) years after final denial of an application by the County." ZDO 1305.02(E)(2), (3).

the case to the county for further proceedings. *Lawrence*, 40 Or LUBA at 521.

In its opinion, LUBA first determined that petitioner's 2000 application was subject to ORS 215.130(11), because that application was filed after the statute's effective date. LUBA then considered whether, notwithstanding the statute's applicability, petitioner's second application was barred nevertheless under: (1) claim preclusion or (2) issue preclusion, given the prior litigation—and, particularly, the previous determination that the alleged nonconforming use had been discontinued between 1969 and 1971. *Lawrence*, 40 Or LUBA at 516-17. On the question of claim preclusion, LUBA concluded that, as a general matter, successive land use applications are not barred by the doctrine of claim preclusion:

> "If one proposal for development is denied, land use ordinances anticipate and allow for additional attempts for modified, or even the same, development. ZDO 1305.02(E) specifically anticipates and allows applications to be refiled." *Id.* at 518-19.

Regarding whether petitioner was entitled to relitigate whether her go-kart track was a nonconforming use, LUBA held that petitioner was not precluded under general principles of issue preclusion from relitigating that issue. Specifically, LUBA relied on the template set forth in *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 862 P2d 1293 (1993), and concluded that the prior proceeding was not the type of proceeding to which preclusive effect would be given. 40 Or LUBA at 519-20. LUBA therefore concluded that the case had to be remanded to the county for determination of whether petitioner's nonconforming use was discontinued at any point in the 20 years preceding the date of the 2000 application. *Id.* at 521.

■ Intervenors seek judicial review of LUBA's final order. They argue that LUBA erred in determining that petitioner's application was not barred by the doctrines of claim preclusion and issue preclusion; that LUBA misconstrued ORS 215.130(11); and that LUBA misconstrued ZDO

1305.02(E). All of those issues are subsumed in one overarching question: What effect, if any, does the denial of petitioner's substantially similar application for verification of a nonconforming use in a previous proceeding have in this proceeding, in light of the newly enacted ORS 215.130(11)?

In answering that question, we begin with the pertinent statutes and Clackamas County ordinances. ORS 215.130 provides, in part:

"(5) The lawful use of any building, structure or land at the time of the enactment or amendment of any zoning ordinance or regulation may be continued. * * * A change of ownership or occupancy shall be permitted.

"* * * * *

"(7)(a) Any use described in subsection (5) of this section may not be resumed after a period of interruption or abandonment unless the resumed use conforms with the requirements of zoning ordinances or regulations applicable at the time of the proposed resumption.

"* * * * *

"(10) A local government may adopt standards and procedures to implement the provisions of this section. The standards and procedures may include but are not limited to the following:

"(a) For purposes of verifying a use under subsection (5) of this section, a county may adopt procedures that allow an applicant for verification to prove the existence, continuity, nature and extent of the use only for the 10-year period immediately preceding the date of application. Evidence proving the existence, continuity, nature and extent of the use for the 10-year period preceding application creates a rebuttable presumption that the use, as proven, lawfully existed at the time the applicable zoning ordinance or regulation was adopted and has continued uninterrupted until the date of application.

"(b) Establishing criteria to determine when a use has been interrupted or abandoned under subsection (7) of this section; or

"(c) Conditioning approval of the alteration of a use in a manner calculated to ensure mitigation of adverse impacts as described in subsection (9) of this section."

In sum, a person has a right, pursuant to subsection (5) of ORS 215.130, to continue a nonconforming use of land, so long as that use was lawful before a change in zoning made that use nonconforming. Under subsection (7), that use, if discontinued, may not be resumed unless certain requirements are met. Under subsection (10), a county may adopt procedures by which an applicant for verification of a nonconforming use may be required to prove the existence, continuity, nature, and extent of the use for the 10-year period preceding the application. If that evidence satisfactorily demonstrates such a use, it creates a rebuttable presumption that the use continued uninterrupted from the time the use became nonconforming until the date of the application. *Id.* Pursuant to ORS 215.130(10), Clackamas County has enacted ZDO 1206.06, which provides:

"A. The Planning Director, or designate, shall review all requests for verification of nonconforming use status, subject to the administrative action provisions of 1305.02.

"B. The Planning Director, or designate, may approve a request for nonconforming use status if: the applicant proves that the nonconforming use lawfully existed at the time of the adoption of the zoning regulations, or a change in zoning regulations, which prohibited or restricted the use; and, the nonconforming use has not been subsequently abandoned or discontinued.

"C. In the alternative, the applicant may submit evidence proving the existence, continuity, nature and extent of the nonconforming use for the ten (10) year period immediately preceding the date of the application. Such evidence shall create a rebuttable presumption that the nonconforming use, as proven, lawfully existed at the time of, and has continued uninterrupted since, the adoption of restrictive zoning regulations, or a change in the zoning or zoning regulations, that have the effect of prohibiting the nonconforming use under the current Ordinance provisions."

ZDO 1206.06(A) refers to ZDO 1305.02. ZDO 1305.02, which applies to land use applications generally (and not solely to applications for verification of nonconforming use status), provides that, after an application has been denied, an applicant may refile at any time if a "change has occurred in this Ordinance, the Comprehensive plan or other

applicable law which is material to the application[.]" ZDO 1305.02(E)(2)(a). It further provides that, in any event, a new application can be filed two years after the final denial of the previous application. ZDO 1305.02(E)(3).

The threshold question presented here is whether the enactment of ORS 215.130(11) is a "change * * * [in the] applicable law which is material to the application" for purposes of ZDO 1305.02(E)(2)(a), such that petitioner was entitled to file a new application for verification of a nonconforming use before two years had passed from the final denial of the previous application. The text of ORS 215.130(11) is clear. Regardless of whether a county has adopted a 10-year "rebuttable presumption" ordinance pursuant to ORS 215.130(10)(a), in no event may a county require "an applicant for verification to prove the existence, continuity, nature and extent of the use for a period exceeding 20 years immediately preceding the date of application." ORS 215.130(11). LUBA concluded, and we agree, that the effect of that statute "is to limit the requisite time period for which petitioner must prove the go-kart track continued to exist to no more than 20 years before the date of the 2000 application." *Lawrence*, 40 Or LUBA at 515. In petitioner's 1998 application, the continued use of the go-kart track for a period of more than 30 years was at issue. The change in what petitioner was required to demonstrate in order to verify her nonconforming use was a change in "applicable law which is material to the application[.]" ZDO 1305.02(E)(2)(a). Thus, petitioner was permitted to file the 2000 application for verification of a nonconforming use.

■ Intervenors posit that, despite ZDO 1305.02(E)(2)(a), petitioner's 2000 application is barred under the principles of claim preclusion. It is true that claim preclusion may apply in administrative proceedings in some circumstances. In *Drews v. EBI Companies*, 310 Or 134, 142, 795 P2d 531 (1990), the court relied on section 83 of the *Restatement (Second) of Judgments* for the proposition that "[t]he policies undergirding court-made rules of claim preclusion * * * apply to administrative claim * * * preclusion questions." The *Restatement (Second) of Judgments*, however, places an important qualification on the application of claim preclusion in administrative settings. Claim preclusion does not apply if there exists a

legislative policy that the "determination of the tribunal adjudicating the issue is not to be accorded conclusive effect in subsequent proceedings." *Restatement (Second) of Judgments*, § 83(4) (1982). As LUBA recognized in its opinion, land use is not static. Local land use regulations generally permit applicants to file successive applications. LUBA noted: "If one proposal for development is denied, land use ordinances anticipate and allow for additional attempts for modified, or even the same, development." *Lawrence*, 40 Or LUBA at 518-19. ZDO 1305.02(E) represents a legislative choice that multiple applications concerning land use may be made under circumstances such as those present here. The general doctrine of claim preclusion does not deny an applicant the right to file a successive application that an ordinance specifically permits to be filed.

In sum, we agree with LUBA that petitioner was entitled to pursue the 2000 application. The question remains, however, what effect is to be accorded to the determination in the prior case that the nonconforming use of petitioner's property was interrupted between 1969 and 1971. Intervenors argue that, given that determination, petitioner should be precluded from now reasserting that her go-kart track is a lawful nonconforming use. Assuming for the sake of argument that intervenors are correct that the doctrine of issue preclusion has potential application in the arena of local land use decisions such as the one at issue here,[3] issue preclusion does not prevent petitioner from litigating the nonconforming use issue here.

For issue preclusion to apply, five requirements must be met: (1) The issue in the two proceedings must be identical. (2) The issue must have been actually litigated and essential to a final decision on the merits in the prior proceeding. (3) The party sought to be precluded had a full and fair opportunity to be heard. (4) The party sought to be precluded was a party or was in privity with a party in the prior proceeding. (5) The prior proceeding was the type of proceeding to which a court will give preclusive effect. *Nelson*, 318 Or at 104 (citing cases). Here, LUBA relied on the fifth criterion, following its own earlier case law that has indicated that the

---

[3] That is a question that is certainly open to debate, given that ZDO 1305.02(E) specifically permits refiling of "the same or substantially similar application[s]."

system of local government land use adjudications "is incompatible with giving preclusive effect to issues previously determined by a local government tribunal in another proceeding." *Lawrence*, 40 Or LUBA at 520, *quoting Nelson v. Clackamas County*, 19 Or LUBA 131, 140 (1990). However, we need not decide the broad question of whether local land use decisions are the type of decisions to which preclusive effect may be accorded because, in all events, the first criterion is not satisfied here.

As noted, issue preclusion does not apply unless the issue in the two proceedings is identical. In the most generic terms, the questions raised by both petitioner's 1998 application and her 2000 application was whether petitioner's go-kart track is a legal nonconforming use. However, the intervening enactment of ORS 215.130(11) dramatically altered the legal scope and content of the issue to be determined. In reality, the issue is *not* the same.

Before the enactment of ORS 215.130(11), under the law in effect when petitioner's previous application was filed, a petitioner seeking to verify a nonconforming use had to prevail on the issue of whether the use was lawful when it began and whether it had ever been interrupted or abandoned. ORS 215.130(5), (7), (10); ZDO 1206.06. After the enactment of ORS 215.130(11), a petitioner seeking to verify a nonconforming use has to demonstrate only that the use was lawful when it began, and that it has not been interrupted or abandoned in the 20 years immediately preceding the date of the application.

In sum, because of the enactment of ORS 215.130(11), any abandonment of the nonconforming use in the late 1960s and early 1970s is not relevant to any issue in this proceeding. That is so because the only issues in *this* proceeding are whether the use was lawful when it began (there is no dispute that it was) and whether the use has continued uninterrupted between 1980 and 2000. Thus, issue preclusion is inapposite.

We thus agree with LUBA that the county erred in rejecting petitioner's application as being precluded by the determination of her 1998 application.

Affirmed.