Submitted June 9, affirmed July 8, 2020

Alexandra GROSS,
*Plaintiff-Appellant,*

*v.*

MULTNOMAH COUNTY
and Multnomah County Animal Control,
*Defendants-Respondents.*

Multnomah County Circuit Court
17CV47939; A168330

468 P3d 1038

Shelley D. Russell, Judge.

Robert E. Babcock filed the brief for appellant.

Jenny M. Madkour and David N. Blankfeld filed the brief for respondents.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

In this case, Multnomah County Animal Services issued eight Notice of Infractions (NOIs) to plaintiff for dog bite/attack incidents involving her dogs, which plaintiff appealed. The hearings officer upheld six of the NOIs and permanently suspended plaintiff's ownership of one of the dogs. Plaintiff filed a petition for writ of review in the circuit court challenging that decision. ORS 34.020. The circuit court concluded that the hearings officer properly construed the applicable law, affirmed the hearings officer's decision, and dismissed the proceedings. Plaintiff now appeals the judgment of the circuit court, which we review for legal error. ORS 34.100; *Johnson v. Civil Service Board*, 161 Or App 489, 498, 985 P2d 854, *modified on recons*, 162 Or App 527, 986 P2d 666 (1999).

A discussion of the facts—which plaintiff does not challenge—would not benefit the bench, bar, or public. For purposes of this appeal, the relevant applicable law is Multnomah County Code (MCC) Section 13.305, which provides, in part:

"(A)   For the purposes of this section, unless otherwise limited, the owner is ultimately responsible for the behavior of the animal regardless of whether the owner or another member of the owner's household or a household visitor permitted the animal to engage in the behavior that is the subject of the violation.

"(B)   It is unlawful for any person to commit any of the following:

"*****

"(11)   Permit any dog to engage in any of the behaviors described in § 13.401(C) through (D)[.]"[1]

"Permit," for purposes of MCC § 13.305, includes "human conduct that is intentional, deliberate, careless, inadvertent, or negligent in relationship to an animal." MCC § 13.002.

We agree with plaintiff that the ordinance does not establish strict liability; rather, "some type of human action

_____

[1] MCC § 13.401(D)(1)(a) provides that "Level 4 behavior is established if *** [a] dog, while at large *** [a]aggressively bites any person[.]"

or behavior must be present in order to establish a violation." *Jimenez/Carlson v. Multnomah County*, 296 Or App 370, 377, 438 P3d 403 (2019). In this case, however, we conclude that the evidence is sufficient to support an inference that plaintiff did "permit" her dogs' behavior under that standard, and we reject without further discussion plaintiff's argument that the hearings officer was required to provide a more complete explanation. Accordingly, the circuit court did not err in determining that the hearings officer properly construed the law and, consequently, affirming the decision.

Affirmed.