Argued and submitted December 8, reversed and remanded December 29, 2021

SCOTT INC.,
an Oregon domestic business corporation,
*Petitioner-Appellant,*

*v.*

CITY OF ONTARIO,
a political subdivision of the State of Oregon,
*Respondent-Respondent.*

Malheur County Circuit Court
19CV40752; A174340

503 P3d 502

In connection with applying for a license to operate a retail marijuana business, petitioner requested a Land Use Compatibility Statement (LUCS) from the City of Ontario. Under ORS 475B.063, for his application to proceed, petitioner had to obtain a LUCS that demonstrated that "the requested license is for a land use that is allowable as a permitted or conditional use within the given zoning designation where the land is located"; the Oregon Liquor and Cannabis Commission "may not issue a license if the [LUCS] shows that the proposed land use is prohibited in the applicable zone." Marijuana retail is a conditional use in the zone where petitioner's property is located, and petitioner had not yet applied for a conditional use permit at the time of his LUCS request. The city provided a LUCS stating that the proposed use "is prohibited," based on the city's assessment that petitioner will be unable to obtain a conditional use permit. Petitioner challenged that decision in a writ-of-review proceeding. The circuit court affirmed the decision, and petitioner sought judicial review. *Held*: The circuit court erred, because the city misconstrued ORS 475B.063 in completing the LUCS. The city could have waited to complete the LUCS until such time as petitioner obtained a conditional use permit, as allowed by ORS 475B.063(2), or it could have provided a LUCS stating that the proposed use "is not prohibited" but requires a conditional use permit that petitioner has not obtained. But the city could not make an advisory ruling on whether petitioner was likely to obtain a conditional use permit and check the "prohibited" box on that basis.

Reversed and remanded.

Erin K. Landis, Judge.

Ross A. Day argued the cause for appellant. Also on the briefs was Day Law, PC.

Jeffrey G. Condit argued the cause for respondent. Also on the brief was Miller Nash LLP.

Before Armstrong, Presiding Judge, and Aoyagi, Judge, and Hadlock, Judge pro tempore.

AOYAGI, J.

Reversed and remanded.

**AOYAGI, J.**

In this writ of review proceeding, the circuit court affirmed the City of Ontario's decision on a Land Use Compatibility Statement (LUCS) that petitioner requested in connection with applying for a license to operate a retail marijuana dispensary. Petitioner challenges the court's judgment on review. For the following reasons, we reverse and remand.

When applying for a marijuana retail license from the Oregon Liquor and Cannabis Commission (OLCC), an applicant must request a LUCS from the city or county responsible for land use. ORS 475B.063. OLCC "may not issue a license if the [LUCS] shows that the proposed land use is prohibited in the applicable zone." ORS 475B.063(1). Rather, the LUCS "must demonstrate that the requested license is for a land use that is allowable as a permitted or conditional use within the given zoning designation where the land is located." *Id*. Upon receiving a LUCS request, the city or county must act within 21 days of receipt of the request "if the land use is allowable as an outright permitted use," or within 21 days of final local permit approval "if the land use is allowable as a conditional use." ORS 475B.063(2). A city or county action concerning a LUCS under ORS 475B.063 "is not a land use decision for purposes of ORS chapter 195, 196, 197, 215 or 227." ORS 475B.063(4).

In this case, petitioner requested a LUCS from the city in connection with applying for an OLCC license to operate a retail marijuana dispensary. Petitioner's property is zoned I-2 Heavy Industrial. Marijuana retail is not an outright permitted use in the I-2 zone, but it is allowable as a conditional use. There is no dispute on this point; for example, in its answering brief, the city acknowledges that "a retail marijuana business is a conditional use in the IP [*sic*] zone in which Petitioner's property is located." Petitioner had not obtained a conditional use permit when he made his LUCS request.

Six weeks after receiving the LUCS request, the city issued its decision. At the top of the LUCS form, the city

checked a box stating that the proposed land use had been reviewed and "is prohibited":

Site Location:

        ✓   Inside city limits      ✓   Inside UGB       ☐   Outside UGB

| Name of Jurisdiction: | City of Ontario |
|---|---|
| Property Zoning of Proposed Premises: | I-2, Heavy Industrial |

      ✓   The proposed land use has been reviewed and **is prohibited.**

      ☐   The proposed land use has been reviewed and **is not prohibited.**

*If the proposed land use is allowable only as a conditional use, permits are required as noted below.*

Comments:

In the "Comments" section, the city stated:

> "Recreational Cannabis Dispensary in the I-2 Heavy Industrial zone is only allowed under a Conditional Use Permit (CUP) under City Code 10A-59-10 and 10A-41-10(8) and must meet the conditions under City Code 10A-59-15.

> "The LUCS form was not submitted with a Conditional Use Permit as required by City Code 10A-59-10[1] and in reviewing the information and location submitted with the LUCS form it was determined that property stated in the LUCS form does not comply with City Code 10A-59-15(A)(7) as all of the property falls within the 500 feet Residential restriction area and therefore the applicant and property is Prohibited from operating a Retail Recreational Cannabis Dispensary on this property."

Petitioner sought a writ of review, challenging the city's decision. *See* ORS 34.040(1) (providing for when a writ of review shall be allowed). The circuit court affirmed. Petitioner now appeals that judgment. *See* ORS 34.100 (providing for an appeal to be taken from the circuit court's judgment on review "in like manner and with like effect as from a judgment of a circuit court in an action"). We review for errors of law. *Gross v. Multnomah County*, 305 Or App 408, 409, 468 P3d 1038 (2020).

The crux of petitioner's argument is that the city checked the wrong box on the LUCS.[2] We agree with peti-

---

[1] For clarity, we note that Ontario Municipal Code 10A-59-10 does not require a conditional use permit to be submitted with a LUCS request. It requires a conditional use permit to operate a marijuana-related business in the I-2 zone.

[2] In ruling orally at the conclusion of the hearing, the circuit court questioned whether petitioner's "checked the wrong box" argument was properly

tioner on that point. The purpose of a LUCS is established by statute—it is to inform OLCC whether a license applicant's proposed land use "is allowable as a permitted or conditional use within the given zoning designation where the land is located." ORS 475B.063(1); *see also Loosli v. City of Salem*, 345 Or 303, 310, 193 P3d 623 (2008) (stating that a local land use certificate provided under a different but somewhat analogous statute, ORS 822.025(6), is intended to assist the licensing agency in deciding whether to grant a license and thus protects the general public interest, not the applicant's interests). If the proposed use is *not* allowable as a permitted or conditional use within the zoning designation where the land is located, the use is "prohibited," and OLCC "may not issue a license." ORS 475B.063(1). If the proposed use *is* allowable as a permitted or conditional use within the zoning designation where the land is located, then, necessarily, the use is not "prohibited," and OLCC may issue a license subject to the applicant obtaining any necessary permits (and otherwise meeting the licensing criteria). The "Comments" section on the LUCS form provides a place for the city to note what permits are required, "[i]f the proposed land use is permissible only as a conditional use."

We agree with petitioner that, under the circumstances, the city checked the wrong box on the LUCS. Marijuana retail is not a prohibited use in the I-2 zone. It is a conditional use, requiring a conditional use permit. Because petitioner had not obtained a conditional use permit at the time of his LUCS request, the city had two options. The city could wait to complete the LUCS until petitioner obtained a conditional use permit. *See* ORS 475B.063(2) (requiring a city to act upon a LUCS request within 21 days of receipt of "[f]inal local permit approval, if the land use is allowable as a conditional use"). Or the city could complete the LUCS accurately, by checking the box that the use is "not prohibited" in the zone where the land is located and then stating in the "Comments" section that a conditional use permit is required and has not been obtained.

before it, given the wording of the pleadings, but acknowledged that both parties had "spent a good deal of time arguing about" it and ultimately addressed it. The city treats the issue as properly before us, and we agree that it is.

Instead, the city checked the box that the use "is prohibited," and then explained in the "Comments" section why it believes that petitioner will be unable to obtain a conditional use permit. That is inconsistent with ORS 475B.063 and the LUCS process that it creates. The purpose of a LUCS under ORS 475B.063(1) is to inform OLCC whether a license applicant's proposed land use "is allowable as a *permitted or conditional use* within the given *zoning designation* where the land is located." (Emphases added.) If the use is allowable as a conditional use in the zone, then it is not "prohibited." Nothing in the statutory scheme allows the city to go beyond that basic question—Is the proposed use prohibited, permitted, or conditionally allowed in the zone?—to decide whether a conditional use permit will be granted if the applicant applies for one.[3] The decision whether to grant or deny a conditional use permit is a land use decision that must be made by the appropriate city officials in the legally provided manner, and, unlike the "Comments" section on a LUCS, that decision is subject to review by the Land Use Board of Appeals and the appellate courts. *See Clark v. Jackson County*, 313 Or 508, 510, 836 P2d 710 (1992) (describing the review process for a local land use decision to grant or deny a conditional use permit); *cf.* ORS 475B.063(4) (providing that a city action concerning a LUCS under ORS 475B.063 "is not a land use decision for purposes of ORS chapter 195, 196, 197, 215 or 227").

We are unpersuaded by the city's arguments that it was permissible under ORS 475B.063 for the city to evaluate the likelihood of petitioner being able to secure a conditional use permit for his specific property, decide that issue in the "Comments" section on the LUCS, and then use that decision to justify checking the "prohibited" box. The proposed use (marijuana retail) is *not* prohibited "within the given zoning designation where the land is located." ORS 475B.063(1). The city admits that the use is not prohibited in the I-2 zone. It argues, however, that the use is prohibited on petitioner's specific property, due to a zoning code provision

---

[3] As the city itself says in its answering brief, "A local government decision on a LUCS under ORS 475B.063 is limited to the question asked by the statute: Is a proposed retail cannabis operation allowable as a permitted or conditional use within the given zoning designation where the land is located?"

that restricts the operation of retail marijuana businesses within 500 feet of a residential area, Ontario Municipal Code 10A-59-15(A)(7), which the city analogizes to an overlay zone. Petitioner responds with various arguments as to why that restriction does not preclude the proposed use on his specific property.

It is irrelevant who is legally correct on the foregoing point, and we express no opinion as to whether petitioner will ultimately be able to obtain a conditional use permit. Such a fact-specific dispute is simply beyond the scope of the LUCS. The question to be answered in a LUCS under ORS 475B.063(1) is whether the proposed use "is allowable as a permitted or conditional use *within the given zoning designation where the land is located*." (Emphasis added.) The statute does not contemplate the city reviewing its entire zoning code to determine whether a conditional use permit would be granted for the specific property at issue. Nor do we view section 10A-59-15(A)(7) as analogous to an overlay zone, so as to qualify as part of the "given zoning designation where the land is located." *See* Ontario Municipal Code 10A-05-05 (establishing the "zones" applicable "to lands within the City of Ontario").

We assume without deciding that the city is correct that its statements in the "Comments" section are not legally preclusive, *i.e.*, that they would not be binding on the city officials responsible for processing a conditional use permit if petitioner applied for one.[4] But that does not change the fact that the city checked the wrong box on the LUCS, an act that effectively blocked petitioner's OLCC application. *See* ORS 475B.063(1) (OLCC "may not issue a license" if the proposed use is "prohibited"). The city could have waited to complete the LUCS until and unless petitioner obtained a conditional use permit, or it could have completed the LUCS

---

[4] The city reasons that a LUCS cannot be legally preclusive because it is not a "land use decision." ORS 475B.063(4). In *Lawrence v. Clackamas County*, 180 Or App 495, 503-04 & n 3, 43 P3d 1192 (2002), we declined to resolve an open question as to whether even local land use decisions are susceptible to being used for preclusive effect—because, in any event, the requirements for issue preclusion were not met as to the particular local land use decision at issue in that case, which pertained to nonconforming use. We agree with the city that it seems unlikely that a LUCS could ever have legally preclusive effect, but we need not resolve that issue.

correctly by checking the "not prohibited" box and stating the need for a conditional use permit in the "Comments" section. But it could not make an advisory ruling on whether the city would grant a conditional use permit—even if the advisory ruling would not be binding on an actual future application decision—and, on that basis, check the "prohibited" box.[5]

Accordingly, the circuit court erred in entering a judgment that, in the words of the judgment, affirmed the city's decision "to check the 'Prohibited' box on an ORS 475B.063 land use compatibility statement (LUCS)." On remand, in a manner consistent with ORS 34.100, the city should be directed to withdraw the existing LUCS and either wait to respond to petitioner's LUCS request until such time as petitioner obtains a conditional use permit or respond to the LUCS request in a manner consistent with our construction of ORS 475B.063 in this opinion. *See* ORS 34.100 ("Upon the review, the court shall have power to affirm, modify, reverse or annul the decision or determination reviewed, *** or to direct the inferior court, officer, or tribunal to proceed in the matter reviewed according to its decision.").

Reversed and remanded.

---

[5] Our decision is directed to petitioner's first assignment of error. Petitioner's second and third assignments of error raise alternative arguments, in the event that the city was allowed to decide in the LUCS whether petitioner would be able to secure a conditional use permit. We have concluded that the city was not, obviating the need to address petitioner's second and third assignments.